UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLS, individually and on behalf of similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | Case No.: |
| v. ) ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, a Virginia corporation, ) ) ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Norfolk Southern Railway Corporation ("Norfolk Southern"), by its attorneys, removes this putative class action currently pending in the Circuit Court of Cook County, Illinois as Case No. 2020-CH-00990, to the U.S. District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

**I.      Background and Timeliness**

1.     On January 24, 2020, Plaintiff Michael Wills ("Plaintiff") filed a putative Class Action Complaint alleging Norfolk Southern violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), by "requir[ing] truck drivers, including Plaintiff, who visited specific facilities to provide their biometric identifiers, in the form of fingerprints and related biometric information, in order to efficiently process individuals and truck drivers into its facilities." (Compl. at ¶3, ¶¶18-27)(Complaint and Summons attached hereto as Exhibit A). Plaintiff alleges that Norfolk Southern "collected, captured, and stored biometric identifiers and biometric information" without providing a written disclosure of the purpose and duration of use, failed to publish a retention or destruction policy, and failed to obtain written consent from Plaintiff

and other similarly situated individuals in violation of BIPA. (Ex. A, Compl. at ¶¶25-27). Plaintiff seeks statutory damages for himself and for a putative class. (Ex. A, Compl. at Count I).

2. On January 29, 2020, Norfolk Southern was served with the Summons and Complaint. (See, Ex. A).

3. Removal is timely because this notice is filed within 30 days of service of the Summons and Complaint. See, 28 U.S.C. §1446(b)(1); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.,* 52 U.S. 344, 354 (1999) (timing for notice of removal begins when a party is formally served).

4. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division, is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. §93(a)(1).

**II.    Removal is Proper Pursuant to 28 U.S.C. §1332(a)**

5. Removal is proper pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. Complete diversity exists between Plaintiff and Defendant. Plaintiff is a resident and citizen of the State of Illinois and visited Norfolk Southern facilities in Illinois. (Ex. A, Compl. at ¶14). Norfolk Southern is a Virginia corporation with its principal place of business is in Virginia. (Ex. A at ¶15)[1]. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

---

[1] Plaintiff's Complaint alleges Norfolk Southern is a Virginia Corporation. Norfolk Southern's SEC Form 10-K for 2019 identifies it as a Virginia Corporation with its principal place of business located at Three Commercial Place, Norfolk, Virginia/ Norfolk Southern's Form 10-K is publicly available at:
http://www.nscorp.com/content/nscorp/en/investor-relations/financial-reports/sec-filings.html

7. While Norfolk Southern denies Plaintiff's allegations and that Plaintiff is entitled to any relief, Plaintiff's allegations must be treated as true in determining the amount in controversy. *See, St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In determining the threshold amount of $75,000, the district court considers the totality of the relief sought which "includes monetary damages, attorney's fees and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Richkher,* 2006 WL 1727749 (7th Cir. May 22, 2006), quoting *Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir. 2004). Plaintiff alleges that as truck driver he was required to scan biometric identifiers into a biometrically enabled security and verification system to gain entry and to gain exit at "various Norfolk Southern railyards" to pick up and drop off "various loads." (Ex. A, Compl. at ¶¶19-23). Plaintiff alleges Norfolk Southern's violations of BIPA were "knowing and willful" thereby seeking the statutory penalty of $5,000 for each "violation." (Ex. A, Compl. at ¶42). Alternatively, Plaintiff alleges Norfolk Southern negligently violated BIPA thereby seeking the statutory penalty of $1,000 for each "violation". (*Id.*). Plaintiff additionally seeks "reasonable attorneys' fees, costs and other litigation expenses," "pre- and post-judgment interest" and "such further and other relief as the Court deems just and equitable." (Ex. A, Compl. Prayer for Relief).

8. As pled, a good faith and plausible estimate is that Plaintiff made at least 16 visits to "various railyards" to "pick up and drop off various loads" satisfying the jurisdiction amount in controversy as this Court recently held that each scan constitutes a "violation" under BIPA to calculate the amount in controversy. *See, Peatry v. Bimbo Bakeries USA, Inc.,* 393 F.Supp. 3d 766, 769-770 (N.D. Ill. 2019).

**III.     Removal is Proper Pursuant to 28 U.S.C. §1332(d)**

9.   This Court also has subject matter jurisdiction under 28 U.S.C. §1332(d). The Class Action Fairness Act ("CAFA"), grants this Court original subject matter jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2), (d)(5)(B).

10.   This action is properly considered a "class action" under CAFA because Plaintiff purports to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et. seq.* (Ex. A, Compl. at ¶¶36-44); 28 U.S.C. §1332(d)(1)(B).

11.   Plaintiff's Complaint alleges "at least thousands of members of the Class" thereby satisfying the requirements of CAFA that the class constitute 100 or more members (Ex. A, Compl. at ¶30)

12.   The aggregate amount in controversy exceeds $5,000,000 because Plaintiff alleges "at least thousands of members of the Class" had their biometric identifiers scanned to enter and to exit various Norfolk Southern railyards in violation of BIPA with each violation constituting the $1,000 statutory penalty per negligent violation or the $5,000 statutory penalty per intentional violation. "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014). Based solely on the Complaint's allegations, with each scan constituting a violation, the amount in controversy for "thousands" of class members, it is not "legally

4

impossible" that the alleged class recovery exceeds the $5,000,000 minimal threshold of CAFA. *See, Peatry, supra; Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 764 (7th Cir. 2011).

13. Finally, there is minimal diversity for CAFA in this matter because Plaintiff is a citizen and resident of Illinois, and Norfolk Southern is a citizen of Virginia but not Illinois.

14. CAFA contains three exceptions to federal jurisdiction that can only apply when the defendant is a citizen of the state in which the action is filed. *See,* 28 U.S.C. §1332(d)(3)-(4). Because Norfolk Southern is not a citizen of Illinois, none of the exceptions apply.

**IV. Norfolk Southern Has Complied with All Prerequisites for Removal**

15. Counsel for Norfolk Southern certifies that a copy of this Notice of Removal is being filed with the Clerk of the Cook County Circuit Court pursuant to 28 U.S.C. §1446(d).

16. Norfolk Southern submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

                                                                           **NORFOLK SOUTHERN RAILWAY COMPANY**

                                                                           By:    /s/ Raymond H. Groble, III
                                                                                     One of Its Attorneys

Raymond H. Groble, III
Laura S. Platt
Daley Mohan Groble, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603
312-422-9999
groble@daleymohan.com
lplatt@daleymohan.com

## **CERTIFICATE OF SERVICE**

I, Raymond H. Groble, III, an attorney, hereby certify that on February 19, 2020, I caused a copy of the foregoing **NOTICE OF REMOVAL** to be served upon the following attorneys of record via email and U.S. Mail by depositing a copy of the same in the U.S. Post Office box located at 55 W. Monroe St., Chicago, Illinois 60603, with proper postage paid:

Myles McGuire
David L Gerbie
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
dgerbie@mcgpc.com
aheldut@mcgpc.com

/s/ Raymond H. Groble, III
Raymond H. Groble, III